

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

No. PD-1574-07

**CHRISTOPHER V. TITA, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
## IN CAUSE NO. 14-06-00736-CR FROM THE 14TH COURT OF APPEALS
## HARRIS COUNTY

HOLCOMB, J., delivered the opinion of the Court, in which PRICE, WOMACK, JOHNSON, KEASLER, HERVEY, and COCHRAN, JJ., joined. KELLER, P.J., concurred in the result. MEYERS, J., did not participate.

The court of appeals held that: (1) the trial court did not err in denying appellant's pretrial motion to dismiss based on the statute of limitations and (2) the State was not obligated at trial to prove that its prosecution of appellant was not barred by the statute of limitations. We reverse and remand.

On March 14, 2005, a Harris County grand jury returned two indictments charging appellant with aggregated theft under Texas Penal Code §§ 31.03(a) and 31.09. One indictment, in cause

number 1019874, alleged that, on or about April 1, 1999, and continuing through August 30, 2000, appellant, acting pursuant to one scheme or continuing course of conduct, unlawfully appropriated more than $200,000 from one Sharon Thompson. The other indictment, in cause number 1019875, alleged that, on or about June 1, 1999, and continuing through October 30, 2000, appellant, acting pursuant to one scheme or continuing course of conduct, unlawfully appropriated more than $200,000 from Thompson. Thus, the two indictments were identical except for the fact they alleged different time periods for the offense.

On May 31, 2005, another Harris County grand jury returned two more indictments charging appellant with aggregated theft. One indictment, in cause number 1028872, alleged that, on or about April 1, 1999, and continuing through August 30, 2000, appellant, acting pursuant to one scheme or continuing course of conduct, unlawfully appropriated more than $100,000 but less than $200,000 from Thompson. The other indictment, in cause number 1028873, alleged that, on or about June 1, 1999, and continuing through October 30, 2000, appellant, acting pursuant to one scheme or continuing course of conduct, unlawfully appropriated more than $100,000 but less than $200,000 from Thompson. Again, the indictments were identical except for the fact they alleged different time periods for the offense.

On July 3, 2006, yet another Harris County grand jury returned an indictment charging appellant with aggregated theft. This last indictment, in cause number 1075284, alleged that, on or about June 28, 1999, and continuing through October 31, 2000, appellant, acting pursuant to one scheme or continuing course of conduct, unlawfully appropriated more than $200,000 from Thompson. As can be seen, this last indictment was similar to the March 14, 2005, indictments except for the fact it alleged a different time period for the offense.

On July 25, 2006, appellant filed a pretrial motion to dismiss the July 3, 2006, indictment on the ground that "the time [of the offense] mentioned in the indictment . . . is so remote that the prosecution of the offense is barred by limitations."[1]

On July 28, 2006, the trial court held a hearing on appellant's motion to dismiss. At that hearing, appellant argued simply that "the motion [to dismiss] speaks for itself." The State responded that its prosecution of appellant under the July 3, 2006, indictment was not limitations-barred because the five-year statute of limitations had been tolled by the March 14, 2005, and May 31, 2005, indictments, which, according to the State, alleged the same criminal conduct that the July 3, 2006, indictment alleged.[2] The State pointed out that the earlier indictments had been returned within five years of October 31, 2000, the date alleged in the July 3, 2006, indictment as the end date of appellant's "scheme or continuing course of conduct." At the conclusion of the hearing, the trial court denied appellant's motion to dismiss.

On August 14, 2006, the State brought appellant to trial under the July 3, 2006, indictment.[3]

---

[1] As the parties have acknowledged throughout this litigation, Article 12.01(4)(A) of the Texas Code of Criminal Procedure provides a five-year limitations period for theft (and aggregated theft). And the limitations period for aggregated theft begins to run on the date of the last theft, i.e., the end date of the "scheme or continuing course of conduct" in question. *Graves v. State*, 795 S.W.2d 185, 186 (Tex.Crim.App. 1990). Therefore, because the Harris County grand jury returned the July 3, 2006, indictment more than five years after the end date of the "scheme or continuing course of conduct" alleged in that indictment, it appeared from the face of that indictment that a prosecution for the offense alleged was barred by Article 12.01(4)(A).

[2] Article 12.05(b) of the Texas Code of Criminal Procedure provides that "[t]he time during the pendency of an indictment, information, or complaint shall not be computed in the period of limitation." Under that statute, "a prior indictment tolls the statute of limitations . . . for a subsequent indictment when both indictments allege the same conduct, same act, or same transaction." *Hernandez v. State*, 127 S.W.2d 768, 774 (Tex.Crim.App 2004).

[3] The record reflects that the trial court eventually dismissed the March 14, 2005, and
(continued...)

At the close of the State's case-in-chief at the guilt stage, appellant moved for an instructed verdict of acquittal on the ground that "the State is barred [from] prosecuting this case by the statute of limitations." The trial court denied appellant's motion. At the close of all the evidence at the guilt stage, appellant again moved for an instructed verdict of acquittal, on the ground that "this trial is barred by [the] statute of limitations." Again, the trial court denied the motion. The jury subsequently found appellant guilty as charged in the indictment. After hearing additional evidence at the punishment stage, the jury assessed appellant's punishment at imprisonment for 23 years and a fine of $10,000.

On direct appeal, appellant brought two points of error. In his first point of error, appellant argued that "[t]he trial court committed reversible error in overruling [his] motion to quash the [July 3, 2006] indictment, where the [State's] pleading did not set out a date for the commission of the alleged offense which was within the applicable statute of limitations [period]." More specifically, appellant argued that "[t]he State [was] required to plead in an indictment a date for the commission of the alleged offense which [was within] the statute of limitations [period]." Appellant argued further that "[n]o facts tolling the five-year statute of limitations were plead [sic] in the indictment." In his second point of error, appellant argued that "[t]he evidence [presented at his trial] was [legally] insufficient to support [his] conviction for theft [because] the State failed to prove that the offense occurred within the applicable statute of limitations period."

---

[3](...continued)
May 31, 2005, indictments, to wit: On June 3, 2005, the trial court granted the State's motions to dismiss the March 14, 2005, indictments. On July 6, 2006, the trial court granted the State's motion to dismiss the May 31, 2005, indictment in cause number 1028872. Finally, on August 17, 2006, the trial court granted the State's motion to dismiss the May 31, 2005, indictment in cause number 1028873.

In its response to appellant's first point of error, the State argued that, "once appellant objected to the indictment on the basis that it was barred by limitations, the State argued and presented evidence of tolling [to the trial court]."[4] In its response to appellant's second point of error, the State argued that, "[b]ecause the filing of the prior indictments tolled the [five-year] limitations period, the July 3, 2006 indictment fell within the limitations period, and the evidence [presented at trial] was sufficient to show that the offense occurred during the time frame alleged in that indictment."

The court of appeals overruled both of appellant's points of error and affirmed the judgment of the trial court. *Tita v. State*, 230 S.W.3d 885 (Tex.App.–Houston [14th Dist.] 2007). In overruling appellant's first point of error, the court of appeals explained that the trial court did not err in denying his motion to dismiss because it was perfectly permissible for an indictment to indicate on its face that a prosecution thereunder was barred by limitations. "[Under *Proctor v. State*, 967 S.W.2d 840, 844 (Tex.Crim.App. 1998),] the statute of limitations is a *defense*," the court of appeals explained further, and "[t]he Legislature has decreed [in Texas Penal Code § 2.03(b)] that the State need not negate the existence of a defense . . . in its charging instrument." *Tita v. State*, 230 S.W.3d at 888 (emphasis in original). In overruling appellant's second point of error, regarding the legal sufficiency of the evidence to prove that the prosecution was not limitations-barred, the court of appeals explained that "appellant apparently never raised the [limitations] issue before the jury," and, therefore, "the State was not put to its burden of proof regarding the tolling of the limitations period." *Id.* at 889.

---

[4] The record reflects that, at the hearing on appellant's motion to dismiss, the State asked the trial court to take judicial notice of the March 14, 2005, and May 31, 2005, indictments.

Appellant later filed a petition for discretionary review containing four grounds for review, all of which we granted. *See* Tex. R. App. Proc. 66.3(c). In his first ground for review, appellant argues that the court of appeals erred in holding that the trial court did not err in denying his pretrial motion to dismiss. More specifically, appellant argues that "[t]he court of appeals erred in holding that the State was not required to plead sufficient facts [in the indictment] demonstrating that the statute of limitations had been tolled." Appellant points out that, although "[t]he statute of limitations [period] for the offense of theft is five years," "the [July 3, 2006] indictment [under which he was tried] was returned more than five years after the date alleged for the commission of the offense." In his second, third, and fourth grounds for review, appellant argues that "[t]he court of appeals erred in refusing to reach the merits of [his] argument that the evidence was [legally] insufficient to support his conviction for theft . . . where the State failed to prove that the offense occurred within the statute of limitations period." Appellant argues further that he "made an issue of limitations both by raising the matter [in his pretrial motion to dismiss] and [in two] motion[s] for instructed verdict."

In its response brief in this Court, the State argues that the court of appeals's analysis is sound and that we should adopt it. The State argues further:

> "Appellant contended in the Court of Appeals that the charging instrument had to contain tolling allegations and, since the indictment in this case did not, the trial court should have quashed it. But there was no reason to quash the indictment after the hearing on Appellant's motion to dismiss. The State showed [at that hearing] that the previous indictments had tolled the limitations period. There was therefore no need for tolling allegations to be included in the indictment."

We turn first to appellant's first ground for review. After considering the court of appeals's opinion and the arguments of the parties, we conclude that the disposition of appellant's first ground

for review is governed by statute.

Article 21.02(6) of the Texas Code of Criminal Procedure provides that "[t]he time [of the offense] mentioned [in an indictment] must be some date anterior to the presentment of the indictment, and not so remote that the prosecution of the offense is barred by limitation." Thus, Article 21.02(6) requires that an indictment indicate on its face that a prosecution thereunder is not barred by the applicable statute of limitations. Article 27.08(2) of the Code provides, in turn, that a defendant may object to the "substance" of an indictment if "it appears from the face thereof that a prosecution for the offense is barred by a lapse of time." Thus, Article 27.08(2) permits a defendant to object to an indictment, and have it dismissed, if the indictment indicates on its face that a prosecution thereunder is barred by the applicable statute of limitations. As Professors Dix and Dawson have explained, "if a comparison of the date on which the offense is alleged to have been committed and that on which the charging instrument was presented indicates that the charging instrument was not presented within the applicable period of limitation, [then on the defendant's motion] the charging instrument must be dismissed [under Article 27.08(2)]." G. Dix & R. Dawson, *Texas Practice: Criminal Practice and Procedure* § 20.348 (2nd ed. 2001) (citing cases).

Article 12.05(b) of the Code provides that "[t]he time during the pendency of an indictment" tolls the applicable statute of limitations.[5] If, as in the instant case, the State wishes to rely upon Article 12.05(b), then Article 21.02(6) requires that the State plead such tolling facts in the indictment itself, so that the indictment will indicate on its face that a prosecution thereunder is not barred by the applicable statute of limitations. *Vasquez v. State*, 557 S.W.2d 779, 783 n. 5 (Tex.Crim.App. 1977); *Ex parte Dickerson*, 549 S.W.2d 202, 203 (Tex.Crim.App. 1977); *Jackson*

---

[5] *See* footnote two, *supra*, and accompanying text.

*v. State*, 489 S.W.2d 565, 567 (Tex.Crim.App. 1972) (op. on reh'g); *Donald v. State*, 306 S.W.2d 360, 362 (Tex.Crim.App. 1957). Pleading such tolling facts in the indictment "avoids a defect in the charging instrument." G. Dix & R. Dawson, *Texas Practice: Criminal Practice and Procedure* § 20.349 at 740 (2nd ed. 2001). Three terms ago, we explained that "if the State's pleading includes a 'tolling paragraph,' 'explanatory averments,' or even 'innuendo allegations,' this suffices to show that [a prosecution for] the charged offense is not, at least on the face of the indictment, barred by limitations." *Ex parte Smith*, 178 S.W.3d 797, 803 (Tex.Crim.App. 2005) (footnotes omitted).

In the instant case, the Harris County grand jury presented the July 3, 2006, indictment more than five years after the date alleged for the aggregated theft offense, so that it appeared from the face of the indictment that a prosecution thereunder was barred by the applicable five-year statute of limitations. Thus, appellant's pretrial motion to dismiss was proper. In order to avoid a dismissal, the State wished to rely upon the fact that the five-year statute of limitations had been tolled by pending indictments, but the State failed to plead that tolling fact in the indictment itself. Under those circumstances, the trial court erred in denying appellant's motion to dismiss, and the court of appeals erred in holding otherwise.[6]

It is true, as the court of appeals noted in its opinion, that we held in *Proctor v. State*, 967 S.W.2d at 843-844, that the statute of limitations is "in the nature of a defense." It is also true, as the court of appeals noted, that the Legislature has provided in Texas Penal Code § 2.03(b) that the State need not negate the existence of a defense in an indictment. Nevertheless, neither our decision in *Proctor* nor § 2.03(b) overrides Article 21.02(6)'s specific requirement that an indictment indicate

---

[6] Had the trial court granted appellant's motion to dismiss, then, presumably, the State could have amended the indictment and the prosecution could have proceeded. *See* Tex. Code Crim. Proc. art 28.09.

on its face that a prosecution thereunder is not barred by the applicable statute of limitations.[7] Indeed, we held in *Proctor* itself that, "[b]efore trial, a defendant may assert the statute of limitations defense by filing a motion to dismiss under Article 27.08(2)." Thus, we recognized in *Proctor* that an indictment must indicate on its face that a prosecution thereunder is not barred by the applicable statute of limitations and that an indictment that does not indicate such is subject to a pretrial motion to dismiss. We sustain appellant's first ground for review.

We turn next to appellant's second, third, and fourth grounds for review, in which he argues that the court of appeals erred in refusing to hold the evidence legally insufficient to support his conviction for theft because the State failed to prove the offense occurred within the applicable five-year statute of limitations period. As we noted previously, the court of appeals held that "appellant apparently never raised the [limitations] issue before the jury," and, therefore, "the State was not put to its burden of proof regarding the tolling of the limitations period." *Tita v. State*, 230 S.W.3d at 889.

In *Proctor v. State*, 967 S.W.2d at 844, we explained how a defendant may assert the statute of limitations:

> "The defense that [the statute of limitations] creates is forfeited if not asserted at or before the guilt/innocence stage of trial. Before trial, a defendant may assert the statute of limitations defense by filing a motion to dismiss under Article 27.08(2) of the Texas Code of Criminal Procedure. At trial, the defendant may assert the defense by requesting a jury instruction on limitations if there is some evidence before the jury, from any source, that the prosecution is limitations-barred. If there is some such evidence and the defendant requests a jury instruction on the limitations defense, then the State must prove beyond a reasonable doubt that the prosecution is not limitations-barred."

---

[7] A more specific statute prevails over a more general one. *In re Dotson*, 76 S.W.3d 393, 395 (Tex.Crim.App. 2002).

The record reflects that, at the guilt stage of trial, appellant moved twice for an instructed verdict of acquittal, but he never requested a jury instruction on the statute of limitations defense. Under those circumstances, the State was not obligated to prove that its prosecution was not limitations-barred. We overrule appellant's second, third, and fourth grounds for review.

We reverse the judgment of the court of appeals and remand the case to that court for a harm analysis under Texas Rule of Appellate Procedure 44.2(b). *See* G. Dix & R. Dawson, *Texas Practice: Criminal Practice and Procedure* § 21.147 (2nd ed. 2001) (discussing nature of harm analysis when appellate court determines trial court erred in rejecting defendant's claim that charging instrument suffered from defect of substance).

DELIVERED SEPTEMBER 10, 2008

PUBLISH