Affirmed and Memorandum Opinion filed January 20, 2009








Affirmed and Memorandum Opinion filed January 20, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00075-CR

____________

 

DENNIS RAY GREEN, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the County
Criminal Court at Law Number 2

Harris County, Texas

Trial Court Cause No. 1467978

 



 

M E M O R A N D U M   O P I N I O N

Appellant Dennis Ray Green appeals his conviction for
indecent exposure, asserting three issues:  (1) the trial court committed
reversible error in denying appellant=s motion to quash
the indictment based on a statute of limitations; (2) the State failed to prove
the charged offense was not barred by the statute of limitations; and (3) the
trial court committed reversible error in overruling appellant=s challenge for
cause to a venire member.  We affirm.

 

 








I.  Factual and Procedural Background

Appellant was charged by indictment on July 18, 2007, for
indecent exposure in an incident that allegedly occurred on April 3, 2005,
involving appellant and his seventeen-year-old niece.  This indictment
contained the following two paragraphs:

... Defendant, heretofore on or about April 3, 2005, did then and there
unlawfully expose his genitals to [the niece] with intent to arouse and gratify
the sexual desire of the Defendant, and the Defendant was reckless about
whether another person was present who would be offended and alarmed by the
act, to-wit:  by exposing his penis, placing [the niece=s] hand on the Defendant=s penis and masturbating.

It is further presented that in Harris County, Texas the defendant was
indicted in the State of Texas v[] Dennis Ray Green, cause number 1030509 in
the 351st District Court of Harris County, Texas on October 5, 2005 for the
offense of sexual performance by a child and re-indicted in State of Texas v[]
Dennis Ray Green, cause number 1104450 in the 351st District Court of Harris
County, Texas on February 15, 2007 for the offense of sexual performance by a
child which was quashed by the 351st District Court on March 20, 2007 and the
defendant was then charged by information in State of Texas v[] Dennis Ray
Green, cause number 1443648 in the County Criminal Court at Law No. 2 of Harris
County, Texas on March 27, 2007 for the offense of public lewdness and the
above indecent exposure information charges the same defendant, alleging the
same conduct, same act and same transaction.

Appellant
entered a plea of Anot guilty@ to this charged
offense.  A jury trial ensued.








According to the niece=s testimony at
trial, appellant offered her a ride to a friend=s home.  En route,
the niece complained that appellant attempted a conversation with her about
sexual activities like Ajacking off@ and being Afingered.@  The niece
noticed that appellant missed the exit for the friend=s home and asked
him to turn the vehicle around.  Appellant parked his vehicle, and the niece
called her friend for directions.  While they were parked, appellant again
engaged his niece in conversation about Ajacking off@ and asked the
niece if she wanted him to show her this conduct; the niece declined. 
Appellant said, AI=m going to show
you, I=m going to show
you,@ and unbuttoned
his shorts and exposed his penis.  He grabbed his niece=s hand and placed
it on his erect penis.  When she pulled her hand away, he placed her hand on
his penis again and moved her hand up and down.  The niece complained that she
did not want to participate in that activity and again removed her hand.  The
niece testified that appellant then Amasturbated
himself@ and buttoned his
shorts.  The niece later told family members about the incident, and they alerted
police.

At trial, appellant asserted a defense that the statute of
limitations barred prosecution, and he referred to the multiple charging
instruments previously brought by the State.  

The State, on June 14, 2005, initially charged appellant
with sexual performance by a child in cause number 1030509.  A grand jury
returned the indictment in October 2005; in that indictment the State alleged
appellant induced his niece, a child younger than eighteen years of age, to
engage in sexual conduct, namely masturbation.  This cause number was dismissed
on February 21, 2007, and refiled as cause number 1104450.

In cause number 1104450, appellant was re-indicted on
February 15, 2007, and charged with sexual performance by a child.  In that
indictment the State alleged appellant induced his niece to engage in sexual
conduct, namely masturbation of appellant, and that he induced his niece to
engage in sexual conduct by authorizing and inducing her to touch his genitals
with intent to arouse and gratify his sexual desire.  Appellant moved to quash
this indictment on March 20, 2007.  The trial court=s order granting
appellant=s motion was signed and entered on September 24, 2007.

Under cause number 1443648, appellant was charged by
indictment on March 27, 2007, with public lewdness.  The indictment alleged
that appellant engaged Ain an act of sexual contact with intent to
arouse and gratify the sexual desire of the the [sic] defendant, to-wit:  by
placing the hand of [the niece] on the defendant=s penis in a
public place, namely the front seat of the defendant=s truck parked
next to a public road.@  This indictment was dismissed on July
20, 2007, and refiled as cause number 1467978, the charge for which appellant
stood trial.








The jury found appellant guilty as charged.  The trial court
assessed punishment at one year of probation.  Appellant now presents three
issues on appeal.

II.  Issues and Analysis

A.      Is the charged offense of
indecent exposure barred by the statute of limitations?

In two issues, appellant complains that the charged offense
of indecent exposure was barred by the statute of limitations set forth in
article 12.02 of the Texas Code of Criminal Procedure.  In his first issue,
appellant asserts that the trial court committed reversible error in denying
appellant=s motion to quash the indictment when the statute of
limitations had run and the State=s prior pleadings
did not toll the running of the statute.[1] 
In his second issue, appellant argues that the State failed to prove beyond a
reasonable doubt that the charged offense of indecent exposure was not barred
by the statute of limitations when this charge was not filed until more than
two years after the alleged April 3, 2005, incident.








We address appellant=s initial query as
to whether the State=s previous pleadings tolled the applicable
limitations period.  Article 12.02 of the Texas Code of Criminal Procedure
provides that, A[a]n indictment or information may be
presented within two years from the date of the commission of the offense, and
not afterward.@  Tex. Code
Crim. Proc. Ann. art. 12.02 (Vernon 2005).  Under article 12.05(b) of
the Texas Code of Criminal Procedure, A[t]he time during
the pendency of an indictment, information, or complaint shall not be computed
in the period of limitation.@  Tex.
Code Crim. Proc. Ann. art. 12.05(b) (Vernon 2005).  

Article 21.02(6) of the Texas Code of Criminal Procedure
provides in relevant part that an indictment shall be deemed sufficient
if A[t]he time [of the
offense] mentioned [in an indictment] must be some date anterior to the
presentment of the indictment and not so remote that the prosecution of the
offense is barred by limitation.@  Tex. Code Crim. Proc. Ann. art.
21.02(6) (Vernon 1989); see Tita v. State, 267 S.W.3d 33, 37 (Tex. Crim.
App. 2008).  Under this article, an indictment must indicate on its face that a
prosecution stemming from the indictment is not barred by the applicable
statute of limitations.  Tita, 267 S.W.3d at 37.  Under the purview of
article 12.05(b), in which A[t]he time during the pendency of an
indictment@ tolls the applicable limitations period, if the State
seeks to rely upon article 12.05(b), then article 21.02(6) requires the State
to plead such tolling facts in the indictment itself.  Id. at 37B38.  Likewise,
when, as in this case, the State=s pleading
includes a Atolling paragraph,@ Aexplanatory averments,@ or even Ainnuendo
allegations,@ then the State=s indictment shows
that a prosecution thereunder for the charged offense is not, at least on its
face, barred by a statute of limitations.  See id. at 38.








Appellant relies on Hernandez v. State, in which the
Court of Criminal Appeals interpreted the requirements of article 12.05(b) in
reviewing whether a prior indictment charges the same offense, thus tolling the
limitations period, if both the prior and subsequent indictments charge the
same conduct, but do not charge the same offenses under the same penal
statute.  See 127 S.W.3d 768, 770 (Tex. Crim. App. 2004).  The Hernandez
court determined that A[a] subsequent indictment is barred by the
statute of limitations if it broadens or substantially amends the charges in
the original indictment.@  Id. at 773; see also id.
at 772 (specifying that under article 12.05(b), to read Aan indictment@ as meaning any
indictment for any unrelated offense would defeat the purpose of the
statute of limitations, which requires due diligence by the State in obtaining
and presenting a formal accusation of an offense against an accused).  However,
under article 12.05(b), a prior indictment tolls the statute of limitations for
a subsequent indictment Awhen both indictments allege the same
conduct, same act, or same transaction.@  Id. at
773B74 (surveying
tolling provisions of other jurisdictions and finding persuasive the fact that,
in most jurisdictions, to toll a limitations period, a prior indictment must
allege the Asame conduct@ but not a
narrower requirement of the Asame offense@). 

Appellant argues that in the previous indictments the State
did not charge the same offense, nor was the charged conduct in the previous
indictments based on the same conduct or same facts.  According to appellant,
he was forced to muster a defense to different elements of different offenses. 
However, the charged conduct in the prior indictments and the subsequent
indictment were based on the same facts stemming from the same incident
involving appellant=s same conduct towards his niece in his
vehicle as he drove her to her friend=s home on April 3,
2005.  See id. at 773B74.  Although the State in previous
charging instruments did not charge appellant under the same penal statute,
because both the prior and subsequent indictments pertained to the same conduct
stemming from the same transaction, appellant had adequate notice to defend
against the charges and preserve the facts that were essential to his defense. 
See id. at 772 (noting how a limitations period protects an accused and
does not defeat the purposes of enacting a limitations period).  Each prior
charging instrument contemplated appellant=s exposing his
penis in order to effect the offense as charged.  See id. at 774
(indicating that both charges rested on the same proof:  possession of
methamphetamine or possession of an amphetamine).  Therefore, the prior
indictments tolled the statute of limitations for the subsequent indictment for
indecent exposure, because the facts alleged in both the prior and subsequent
indictments involved the same conduct, same act, and same transaction.  See
id.

Having concluded that the prior indictments operated to
toll the running of the limitations period, we now consider appellant=s second issue:
Did the State prove beyond a reasonable doubt that the prosecution for the
charged offense of indecent exposure was not barred by the statute of
limitations?  








Article 27.08 provides in relevant part that there is no exception
to the substance of an indictment or information unless it Aappears from the
face thereof that a prosecution for the offense is barred by a lapse of time .
. . .@  Tex. Code Crim. Proc. Ann. art.
27.08(2) (Vernon 2006); see Tita, 267 S.W.3d at 37.  A defendant, before
trial, may assert a defense based on the expiration of the applicable statute
of limitations by filing a motion to dismiss under article 27.08(2) of the
Texas Code of Criminal Procedure, just as appellant did in this case.  See
id. at 39; Proctor v. State, 967 S.W.2d 840, 844 (Tex. Crim. App.
1998).  At trial, a defendant may assert the defense by requesting a jury
instruction on limitations, as he did in this case, if there is evidence
presented to the jury, from any source, that the prosecution is time-barred.  Tita,
267 S.W.3d at 39; Proctor, 967 S.W.2d at 844.  If such evidence is
presented, and the defendant requests a jury instruction on the limitations
defense,[2]
then the State must prove beyond a reasonable doubt that the prosecution is not
limitations-barred.  Tita, 267 S.W.3d at 39; Proctor, 967 S.W.2d
at 844.








Through the testimony of Houston Police Department Sergeant
Paul James Bonar, the State presented the tolling facts from the previous
indictments as evidence that the limitations period had been tolled.  The
testimony included the June, 14, 2007, date of the initial charge of sexual
performance by a child, and the date that indictment eventually was returned by
a grand jury, which specified appellant=s conduct on April
3, 2005.  Although he testified the indictment was dismissed on February 21,
2007, the sergeant=s testimony provided that appellant was
re-indicted for the same offense on February 15, 2007; in that indictment,
appellant was charged with the same act involving the same complainant in the
same transaction.  The sergeant testified that this charge was quashed, and he
referred to both the date of March 20, 2007, as the date the motion to quash
was presented, and the date of September 24, 2007, the date in which the trial
court judge signed and entered the order granting appellant=s motion to quash.[3] 
Sergeant Bonar next testified appellant was charged with public lewdness,
involving the same complainant, the same appellant, and the same act previously
alleged on April 3, 2005.  Sergeant Bonar indicated the charge for public
lewdness was dismissed on July 20, 2007, but not before the current charge of
indecent exposure was filed on July 18, 2007.  Appellant did not cross-examine
Sergeant Bonar as to these facts.

Given the State=s evidence,
especially in light of Sergeant Bonar=s undisputed
testimony regarding the tolling facts, we conclude the State proved the tolling
facts beyond a reasonable doubt, demonstrating that the prosecution was not
limitations-barred.  See State v. Plambeck, No. 13-02-00492-CR, 2007 WL
1706249, at *6 (Tex. App.CCorpus Christi June 14, 2007, pet. ref=d) (conducting a
de novo review on undisputed facts from witness testimony regarding the filing
and dismissal of various indictments).  Accordingly, we overrule appellant=s second issue.

B.      Did the trial court commit
reversible error in overruling appellant=s challenge for cause to a venire
member?

In appellant=s third issue, he
complains that the trial court committed reversible error in overruling his
challenge for cause as to venire member 5, whom appellant claims was disqualified
to serve based on an inability to partially judge the credibility of a law-
enforcement witness.  Appellant complains of the following exchange between his
trial counsel and venire member 5 during voir dire after he lodged a challenge
for cause as to this potential juror:[4]








[TRIAL COUNSEL]:  Second issue I have deals with the issue of police
office credibility.  Understand all officers and people are to be treated
equally.

[VENIRE MEMBER 5]:  Uh-hum.

[TRIAL COUNSEL]:  When I asked that question you had indicated a five
meaning that you would give a police officer more credibility than the average
person.  Understanding that the issue is not one of training or experience but
strictly the fact that he been [sic] employed by the police department, would
you give a police officer more credibility that the average person?

[VENIRE MEMBER 5]:  Um, the reason I give him a higher number >cause I can see witnesses coming in
on various lies.  I think a police officer be [sic] more bias [sic], has
nothing to gain by his testimony.  He=s there just to tell what happened.

[TRIAL COUNSEL]:  For purposes of my question I just ask you to assume
nothing about the facts or circumstances of the case.  Police comes in to
testify, okay?  Based solely on the fact he=s employed by the police department, would you treat him
like everybody else or give him more credibility?

[VENIRE MEMBER 5]:  I couldn=t judge him as everybody else.

[TRIAL COURT]:  So would you give him more credibility?

[VENIRE MEMBER 5]:  Yes.

[TRIAL COUNSEL]:  I=ve no further questions, sir.

The prosecutor attempted to clarify the venire member=s position by
asking whether the venire member would treat a witness, even if in uniform, but
without hearing about training, the same as any other witness, to which the
venire member replied, AI don=t know if I can. 
I mean, I don=t know if I couldn=t.@  The prosecutor
next asked whether the venire member would give a uniformed police officer,
without evidence of training, more credibility that any one else who testified,
to which the venire member responded, AI don=t know.@

The trial court attempted to clarify the venire member=s position by
giving two hypothetical scenarios involving a witness wearing a police uniform
in order to demonstrate why a juror cannot prejudge the credibility of a
witness.  After presenting these scenarios, the following exchange occurred:








[TRIAL COURT]:  Right.  Do you see my point?

[VENIRE MEMBER 5]:  I do.

[TRIAL COURT]:  Do you see my point about you can=t pre-judge credibility of
witnesses just because they=re wearing the distinctive uniform of a police officer?

[VENIRE MEMBER 5]:  Right.

[TRIAL COURT]:  Can you make me a promise you will wait til [sic] after
you hear the witness testify until you decide how much credibility you=re going to give to give each
witness?

[VENIRE MEMBER 5]:  I think so.  I think I can.  I can try.

[TRIAL COURT]:  Well, once again, the first thing you=re required both as answer is B the answer is not I think I will.

[VENIRE MEMBER 5]:  I wish I could tell you one hundred percent.  That=s just the way I was raised with
looking at these guys.

[TRIAL COURT]:  . . .  You can=t prejudge the credibility of a witness.

[VENIRE MEMBER 5]:  Right.

[TRIAL COURT]:  And I given [sic] you two scenarios to help you
understand why you shouldn=t do that.

[VENIRE MEMBER 5]:  And it makes sense.

[TRIAL COURT]:  So can you make me a promise that you will wait til
[sic] after you hear a witness testify?

[VENIRE MEMBER 5]:  I can.

Following
this exchange, appellant=s trial counsel renewed his challenge for
cause to venire member 5.  The trial court denied the challenge and venire
member 5 was selected to serve on the jury.








The denial of a party=s challenge for
cause is within the trial court=s discretion; and the trial court=s decision will
not be overturned absent abuse of discretion.  Ladd v. State, 3 S.W.3d
547, 559 (Tex. Crim. App. 1999); Banda v. State, 890 S.W.2d 42, 53B54 (Tex. Crim.
App. 1994).  We review the entire record for sufficient evidence to support the
ruling, giving deference to the trial judge=s ruling based on
her ability to observe a venire member=s demeanor and
tone of voice.  See Feldman v. State, 71 S.W.3d 738, 744 (Tex. Crim.
App. 2002).  If a venire member vacillated or equivocated with respect to his
ability to follow the law, a reviewing court must defer to the trial court=s judgment.  Ladd,
3 S.W.3d at 559.

Article 35.16 of the Texas Code of Criminal Procedure
provides in relevant part that a challenge for cause is an objection made
against a particular venire member that alleges a fact that renders that
individual incapable or unfit to serve on the jury.  Tex. Code Crim. Proc. Ann. art 35.16(a) (Vernon 2006).  A
venire member may be challenged for cause under article 35.16(a)(9) if he
cannot impartially judge the credibility of a witness, thereby demonstrating a
bias or prejudice in favor of or against the defendant.  See id. art.
35.16(a)(9); Ladd, 3 S.W.3d at 560; see Feldman, 71 S.W.3d at
745.  Under article 35.15(a)(9), jurors must be open-minded and persuadable and
hold no Aextreme or absolute@ positions
regarding the credibility of any witness.  Ladd, 3 S.W.3d at 560
(emphasis in original).  However, a venire member is not challengeable for
cause simply because he would give certain classes of witnesses a Aslight edge@ in terms of
credibility.  Id.  The proponent of a challenge for cause holds the
burden of demonstrating his challenge is proper.  See Feldman, 71 S.W.3d
at 747.  This burden is not met until the proponent has shown that the venire
member understood the requirement of the law and could not overcome the
prejudice well enough to follow the law.  Id.








On this record, the venire member indicated that he would
give a police officer=s testimony more credibility.  However,
the response was not extreme or absolute; rather, it is apparent from his
affirmative response after the trial court=s questioning that
he would wait until hearing a police officer=s testimony before
judging the officer=s credibility.  See Ladd, 3 S.W.3d
at 559B60; Bryant v.
State, No. 14-99-01373-CR, 2002 WL 27573, at *2 (Tex. App.CHouston [14th
Dist.] Jan. 10, 2002, pet. ref=d).  Venire member 5 was not  strikable 
for cause on the ground that he would tend to believe police officers more than
others.  See Ladd, 3 S.W.3d at 560.  The record before us fails to
establish this juror=s bias as a matter of law, and therefore,
it was within the trial judge=s discretion to overrule appellant=s challenge for
cause.  See Bryant, 2002 WL 27573, at *2.  Accordingly, we overrule
appellant=s third issue.

Having overruled appellant=s issues on
appeal, we affirm the trial court=s judgment.

 

 

 

 

 

/s/      Kem Thompson Frost

Justice

 

Panel consists of
Justices Frost, Brown, and Boyce.

Do Not Publish C Tex. R. App. P. 47.2(b).

 









[1]  Appellant has failed to adequately brief this first issue.  To present
an issue for appellate review Athe brief must contain a clear and concise argument for the contentions
made, with appropriate citations to authorities and to the record.@  Tex. R. App. P. 38.1(h).  Appellant has not presented a single argument, record
citation, or legal authority regarding a motion to quash for this issue.  He
has not addressed any of the governing legal principles for a motion to quash
or applied them to the facts of this case.  See King v. State, 17 S.W.3d 7, 23 (Tex. App.CHouston [14th Dist.] 2000, pet. ref=d).  Appellant=s brief contains a heading in his
appellate brief with this contention, but he has not cited any authority,
analysis, or record citation regarding a motion to quash the charged offense. 
Therefore, appellant has presented nothing for appellate review for this first
issue.  Id.; see also Vuong v. State, 830 S.W.2d 929, 940 (Tex.
Crim. App. 1992).  Accordingly, we hold that appellant has waived error and
overrule appellant=s first issue. 





[2]  Appellant does not complain on appeal that the trial
court erred in denying his requested jury instruction as to the special issue
for the limitations defense. 





[3]  Even a defective charging instrument will toll an
applicable limitations period until a court with jurisdiction enters an order
invalidating that charging instrument.  See Tex. Code Crim. Proc. Ann. art. 12.05; Rodriguez v. State,
No. 08-02-00342-CR, 2003 WL 21761740, at *2 (Tex. App.CEl Paso Jul. 31, 2003, no pet.) (AOnly upon the issuance of an order declaring the
charging instrument invalid does the charging instrument cease to toll the
statute of limitations, and even then, the statute of limitations is still
tolled from the filing date of the charging instrument through the date of
entry of the order invalidating the charging instrument.@).





[4]  After appellant=s
challenge for cause was denied, he requested additional peremptory challenges,
which the trial court denied.  All peremptory challenges were exhausted,
although appellant indicated that venire member 5, who was seated on the jury,
was objectionable.