

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1046-07

### EX PARTE TENIKA BROOKS, Appellant

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE TWELFTH COURT OF APPEALS
### NACOGDOCHES COUNTY

**MEYERS, J., filed a concurring opinion.**

### CONCURRING OPINION

The ground for review granted by this Court asked whether the court of appeals mischaracterized Appellant's issue as a challenge to an un-pled tolling provision rather than as a thorough challenge to the timeliness of the instant indictment. I agree with the majority that the court of appeals misconstrued Appellant's argument. The issue is complex, and controlling case law has recently evolved on this subject. I hope that this concurrence is instructive to the court of appeals upon remand.

A prosecution for theft or aggregate theft must be brought within five years from the date of the commission. CODE CRIM. PROC. ANN. art. 12.01(4)(A). In Appellant's

case, the statute of limitations ran from April 1, 2000, to April 1, 2005. A period of limitations may be tolled for two reasons; the limitation period will not include 1) the time that a defendant is absent from the state, or 2) the time that another indictment is pending. CODE CRIM. PROC. ANN. art. 12.05. The second tolling circumstance–a pending indictment–will toll the statute of limitations only if the subsequent indictment alleges the same conduct, same act, or same transaction.[1] *Hernandez v. State*, 127 S.W.3d 768 (Tex. Crim. App. 2004).

Using our opinion in *Ex parte Smith*, 178 S.W.3d 797 (Tex. Crim. App. 2005), the court of appeals concluded that "Appellant's complaint about the sufficiency of the anticipated tolling provision [was] not the proper subject of a pretrial application for habeas corpus." *Ex parte Brooks*, No. 12-06-00378-CR, 2007 Tex. App. LEXIS 4770, at *5 (Tex. App.–Tyler June 20, 2007, pet. granted). The court of appeals explained that while facially barred indictments are a "proper subject of a pretrial application for habeas corpus," reparable indictments (such as Appellant's) are not. *Id.*

The problem with this reasoning is that it places Appellant's indictment in the wrong category; Appellant's indictment is facially barred, and is therefore a proper

---

[1]Appellant raised this as an issue to the court of appeals, arguing that because the indictments charged different offenses, "[t]he preceding indictment did not toll the limitations period for the separate offense and different conduct alleged in the instant indictment." This Court's opinion in *Tita v. State*, 267 S.W.3d 33, 37-38 (Tex. Crim. App. 2008), offers another argument in Appellant's favor. Under *Tita*, Appellant could argue that the indictment violated Article 21.02(6) by not indicating on its face that the prosecution was not barred by the applicable statute of limitations. *Id.*

subject for a writ of habeas corpus. In a case recently decided by this Court, we stated that if the State relies upon the pendency of an indictment to toll the statute of limitations, it must so plead. *Tita*, 267 S.W.3d at 37-38. We derived this requirement from Article 21.02(6) of the Code of Criminal Procedure, which states, "The time mentioned must be some date anterior to the presentment of the indictment, and not so remote that the prosecution of the offense is barred by limitation." CODE CRIM. PROC. ANN. art. 21.02(6).

Here, the absence of a tolling paragraph makes the indictment facially invalid. A claim that the indictment is facially invalid raises an issue that, if meritorious, would bar prosecution or conviction, and therefore a pretrial writ is proper in this situation. Based on Appellant's indictment, it is clear that she was charged with an offense for which the statute of limitations had run. Therefore, I would conclude that Appellant is entitled to habeas corpus relief.

Meyers, J.

Filed: June 9, 2010

Publish