IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1046-07






EX PARTE TENIKA BROOKS, Appellant






ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE TWELFTH COURT OF APPEALS


NACOGDOCHES COUNTY





 Meyers, J., filed a concurring opinion.


CONCURRING OPINION



 The ground for review granted by this Court asked whether the court of appeals
mischaracterized Appellant's issue as a challenge to an un-pled tolling provision rather
than as a thorough challenge to the timeliness of the instant indictment. I agree with the
majority that the court of appeals misconstrued Appellant's argument. The issue is
complex, and controlling case law has recently evolved on this subject. I hope that this
concurrence is instructive to the court of appeals upon remand.

 A prosecution for theft or aggregate theft must be brought within five years from
the date of the commission. Code Crim. Proc. Ann. art. 12.01(4)(A). In Appellant's
case, the statute of limitations ran from April 1, 2000, to April 1, 2005. A period of
limitations may be tolled for two reasons; the limitation period will not include 1) the
time that a defendant is absent from the state, or 2) the time that another indictment is
pending. Code Crim. Proc. Ann. art. 12.05. The second tolling circumstance-a pending
indictment-will toll the statute of limitations only if the subsequent indictment alleges the
same conduct, same act, or same transaction. (1) Hernandez v. State, 127 S.W.3d 768 (Tex.
Crim. App. 2004). 

 Using our opinion in Ex parte Smith, 178 S.W.3d 797 (Tex. Crim. App. 2005), the
court of appeals concluded that "Appellant's complaint about the sufficiency of the
anticipated tolling provision [was] not the proper subject of a pretrial application for
habeas corpus." Ex parte Brooks, No. 12-06-00378-CR, 2007 Tex. App. LEXIS 4770, at
*5 (Tex. App.-Tyler June 20, 2007, pet. granted). The court of appeals explained that
while facially barred indictments are a "proper subject of a pretrial application for habeas
corpus," reparable indictments (such as Appellant's) are not. Id.

 The problem with this reasoning is that it places Appellant's indictment in the
wrong category; Appellant's indictment is facially barred, and is therefore a proper
subject for a writ of habeas corpus. In a case recently decided by this Court, we stated
that if the State relies upon the pendency of an indictment to toll the statute of limitations,
it must so plead. Tita, 267 S.W.3d at 37-38. We derived this requirement from Article
21.02(6) of the Code of Criminal Procedure, which states, "The time mentioned must be
some date anterior to the presentment of the indictment, and not so remote that the
prosecution of the offense is barred by limitation." Code Crim. Proc. Ann. art. 21.02(6).

 Here, the absence of a tolling paragraph makes the indictment facially invalid. A
claim that the indictment is facially invalid raises an issue that, if meritorious, would bar
prosecution or conviction, and therefore a pretrial writ is proper in this situation. Based
on Appellant's indictment, it is clear that she was charged with an offense for which the
statute of limitations had run. Therefore, I would conclude that Appellant is entitled to
habeas corpus relief.

 Meyers, J.

Filed: June 9, 2010

Publish

 
1. Appellant raised this as an issue to the court of appeals, arguing that because the
indictments charged different offenses, "[t]he preceding indictment did not toll the limitations
period for the separate offense and different conduct alleged in the instant indictment." This
Court's opinion in Tita v. State, 267 S.W.3d 33, 37-38 (Tex. Crim. App. 2008), offers another
argument in Appellant's favor. Under Tita, Appellant could argue that the indictment violated
Article 21.02(6) by not indicating on its face that the prosecution was not barred by the
applicable statute of limitations. Id.