

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-11-00009-CR

_____

DANNY RAY MCCRARY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th Judicial District Court
Red River County, Texas
Trial Court No. CR00850

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Danny Ray McCrary appeals the revocation of his community supervision for the underlying offense of driving while intoxicated, third or more, on the sole ground that the underlying information "alleged an offense that occurred outside [of] the applicable statute of limitations." The State argues that limitations were tolled by a prior indictment, which was voluntarily dismissed by the State with the notation "will reindict." McCrary responds that, because "any facts tolling the applicable statute of limitations must . . . be pled in the indictment," the trial court was without jurisdiction to hear the dispute since the latter indictment failed to include such facts.[1] *See* TEX. CODE CRIM. PROC. ANN. art. 12.05 (Vernon 2005). Finding that McCrary has waived this issue, we affirm the trial court's judgment.

> If the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other postconviction proceeding.

TEX. CODE CRIM. PROC. ANN. art. 1.14(b) (Vernon 2005). Implicit within this rule is that the offense charged must be one for which the trial court has subject-matter jurisdiction. *Teal v. State*, 230 S.W.3d 172, 181 (Tex. Crim. App. 2007).

While McCrary admits that he made no objection to the indictment below, he argues that the indictment failed to confer subject-matter jurisdiction, because the alleged offense was

---

[1] For reasons stated within this opinion, we do not address the issue of whether the first indictment tolled the statute of limitations. *See Hernandez v. State*, 127 S.W.3d 768, 771–72 (Tex. Crim. App. 2004) (tolling can occur where subsequent indictment alleges same conduct, same act, or same transaction as alleged in prior indictment).

committed outside of the applicable statute of limitations, and that this case should be analyzed for fundamental error. Limitations is a defense; it is not jurisdictional. *Tita v. State*, 267 S.W.3d 33, 36 (Tex. Crim. App. 2008); *State v. Yount*, 853 S.W.2d 6, 8 (Tex. Crim. App. 1993).

McCrary cites *Studer v. State*, 799 S.W.2d 263 (Tex. Crim. App. 1990). *Studer*, however, subverts McCrary's cause. That case defined the statute of limitations defense as a "substance defect" which, according to Article 1.14 of the Texas Code of Criminal Procedure, must be raised before trial. *Id.* at 267. *Studer* opined

> the substance defect is no longer considered to be one of a "fundamental" nature, in the sense that fundamental means no jurisdiction was conferred, and the conviction on such a charging instrument would not be reversed for a lack of jurisdiction in the trial court. This reasoning stands independently of the last sentence of Art. V, § 12 which states jurisdiction is conferred upon presentment and which further supports the notion that a substance defect will not deprive a court of jurisdiction.

*Id.* at 271–72 n.11.

The conclusion reached in *Studer*, that such matters must be raised before trial, is further supported by Article 27.08(2) of the Texas Code of Criminal Procedure, which provides that a defendant may object to the substance of an indictment "if it appears from the face thereof that the prosecution of the offense is barred by the applicable statute of limitations." TEX. CODE CRIM. PROC. ANN. art. 27.08(2) (Vernon 2006); *see Tita*, 267 S.W.3d at 37.

In this case, because McCrary failed to assert the limitations defense in the trial court, the defense was forfeited. *Ex parte Smith*, 178 S.W.3d 797, 803 (Tex. Crim. App. 2005); *Proctor v.*

3

*State*, 967 S.W.2d 840, 844 (Tex. Crim. App. 1998); *see* TEX. R. APP. P. 33.1.  We overrule

McCrary's sole point of error due to lack of preservation.  *Yount*, 853 S.W.2d at 8.

We affirm the trial court's judgment.


Josh R. Morriss, III
Chief Justice

Date Submitted:     May 24, 2011
Date Decided:       May 25, 2011

Do Not Publish