NO. 07-10-00369-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 31, 2012

LONNIE MOORE, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE COUNTY COURT AT LAW NO. 1 OF LUBBOCK COUNTY;

NO. 2010-460,904; HONORABLE LARRY B. "RUSTY" LADD, JUDGE

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Lonnie Moore appeals his conviction for misdemeanor assault and sentence of confinement for one year in the county jail. We will affirm.

Background

A November 7, 2006, indictment in the 140th District Court of Lubbock County charged appellant with the September 8, 2006, aggravated assault with a deadly weapon[1] of Mais and Smith. On May 19, 2010, a complaint and information were filed

_____

[1] *See* Tex. Penal Code Ann. § 22.02 (West 2011).

against appellant in County Court at Law Number One of Lubbock County. The complaint charged appellant with the misdemeanor assault[2] of Mais based on the events alleged in the November 2006 indictment. On the State's motion, the trial court in August 2010 authorized amendment of the information to include the following tolling paragraph:

> And it is further presented in and to said court that during a period from November 7, 2006 until today's date, an indictment charging the above offense was pending in a court of competent jurisdiction, to-wit: cause number 2006-414,421 in the 140th District Court of Lubbock County, Texas, styled the State of Texas vs. Lonnie Moore.

Trial on the amended information was to the bench, which found appellant guilty of the charged offense and assessed the punishment noted. This appeal followed.

Analysis

Through one issue, appellant argues the trial court's judgment convicting him of misdemeanor assault is void because the statute of limitations was not tolled during the pendency of the 2006 indictment for aggravated assault with a deadly weapon.

A statute of limitations protects one accused of crime "from having to defend themselves against charges when the basic facts may have become obscured by the passage of time and to minimize the danger of official punishment because of acts in the far-distant past." *Hernandez v. State,* 127 S.W.3d 768, 772 (Tex.Crim.App. 2004) (citing *Toussie v. United States*, 397 U.S. 112, 114-15, 90 S.Ct. 858, 860, 25 L.Ed.2d 156 (1970)). The limitations period for misdemeanor assault and aggravated assault is

---

[2] *See* Tex. Penal Code Ann. § 22.01(a) (West 2011).

2

two years. *See* Tex. Code Crim. Proc. Ann. art. 12.02(a) (West Supp. 2011) (misdemeanor offenses) and art. 12.03(d) (West 2005) (aggravated offenses).

"The rules with respect to allegations in an indictment and the certainty required apply also to an information." Tex. Code Crim. Proc. Ann. art. 21.23 (West 2009). "[A] judgment is void only in very rare situations-usually due to a lack of jurisdiction. . . . A judgment of conviction for a crime is void when the document purporting to be a charging instrument . . . does not satisfy the constitutional requisites of a charging instrument, thus the trial court has no jurisdiction over the defendant[.]" *Nix v. State,* 65 S.W.3d 664, 668 (Tex.Crim.App. 2001) (footnote omitted). A charging instrument must reflect on its face that the prosecution is not barred by limitations. *Tita v. State,* 267 S.W.3d 33, 38 (Tex.Crim.App. 2008) (citing Tex. Code Crim. Proc. Ann. art. 21.02(6)). A defendant may challenge the jurisdiction of the trial court "if the face of the indictment shows that any prosecution is barred by the statute of limitations. This is because the defect is incurable and irreparable. Limitations is an absolute bar to prosecution. There is no point in wasting scarce judicial and societal resources or putting the defendant to great expense, inconvenience, and anxiety if the ultimate result is never in question." *Phillips v. State,* 362 S.W.3d 606, 617 n.64 (Tex.Crim.App. 2011) (quoting *Ex parte Smith,* 178 S.W.3d 797, 801-02 (Tex.Crim.App. 2005)).

However, "a prior indictment tolls the statute of limitations under Article 12.05(b) for a subsequent indictment when both indictments allege the same conduct, same act, or same transaction." *Hernandez,* 127 S.W.3d at 774; Tex. Code Crim. Proc. Ann art. 12.05(b) (West 2005). Thus "if the State's pleading includes a tolling paragraph,

3

explanatory averments, or even innuendo allegations, this suffices to show that [a prosecution for] the charged offense is not, at least on the face of the indictment, barred by limitations." *Tita,* 267 S.W.3d at 38 (internal quotation marks omitted). Pleading tolling facts in the charging instrument "avoids a defect in the charging instrument." *Tita,* 267 S.W.3d at 38 (quoting G. Dix & R. Dawson, Texas Practice: Criminal Practice and Procedure § 20.349 at 740 (2nd ed. 2001)). Even when a tolling paragraph contains a reparable defect, the trial court is not deprived of jurisdiction as long as the charging instrument meets the constitutional and statutory definitions of a charging instrument. *Studer v. State,* 799 S.W.2d 263, 268-69 (Tex.Crim.App. 1990); *Burton v. State,* 805 S.W.2d 564, 571 (Tex.App.--Dallas 1991, pet. refused).

Here, appellant was indicted within the limitations period for aggravated assault with a deadly weapon in a court possessing subject matter jurisdiction. Outside the two-year limitations period, appellant was charged by information in county court at law with misdemeanor assault. The offense charged in district court and that in county court at law arose from the same conduct. *Hernandez,* 127 S.W.3d at 774; *see Irving v. State,* 176 S.W.3d 842, 845-46 (Tex.Crim.App. 2005) (assault is lesser-included offense of aggravated assault when conduct constituting assault is same conduct alleged in aggravated assault charge). The information invested the county court at law with jurisdiction. *Hernandez,* 127 S.W.3d at 774*.*

Appellant further contends, however, the 2006 indictment did not toll limitations for misdemeanor offenses arising from the same conduct and chargeable in the county court at law. We reject this contention, for two reasons.

4

First, the contention is based on a misreading of the record. Appellant asserts that the county court at law authorized an amendment to the indictment pending in the 140th District Court. Not so. As mentioned, the complaint and information were filed in the county court at law in May 2010. In August 2010, the State filed, in the county court at law, a motion seeking approval for an amendment to the information, to add the tolling paragraph. The county court at law granted the State's motion, but never authorized amendment of the indictment pending in the district court.

Second, appellant's contention finds no support in statute or case law. The Court of Criminal Appeals held in *Hernandez*, "a prior indictment tolls the statute of limitations under Article 12.05(b) for a subsequent indictment when both indictments allege the same conduct, same act, or same transaction." 127 S.W.3d at 774. Appellant would limit the holding to instances in which the subsequent indictment occurs in a court of the same jurisdictional level, and would exclude instances, like that before us, in which the prior indictment was pending in district court but the subsequent charge is by information in county court at law, even if the subsequent charge alleges the same conduct. We see nothing in the *Hernandez* opinion to suggest the court intended such a limitation on its holding. Nor is the limitation appellant posits supported by the language of article 12.05. Subsection 12.05(b) speaks of an "indictment, information, or complaint," drawing no distinction among the three. Appellant points to the phrases in subsection 12.05(c) referring to trial courts' jurisdiction, but nothing in that subsection suggests the tolling effect of a pending prior indictment, information or complaint is limited to subsequent charges filed in courts of the same jurisdictional level. *See Mahaffey v. State,* 364 S.W.3d 908, 913 (Tex.Crim.App. 2012) (describing means of

statutory interpretation)  We find no merit in appellant's contention denying the tolling effect of the November 2006 indictment on the subsequent misdemeanor charge in county court at law.

For these reasons, we overrule appellant's sole issue on appeal, and affirm the judgment of the trial court.


James T. Campbell
Justice



Do not publish.