

# In the Court of Criminal Appeals of Texas

---

No. PD-1092-20

---

EX PARTE MAURICE EDWARDS,

*Appellant*

---

On State's Petition for Discretionary Review
From the First Court of Appeals
Harris County

---

YEARY, J., filed a dissenting opinion in which WALKER, J., joined.

We all agree that the indictment in this case appears to show—
on its face—that the offense it charges Appellant with committing is
barred by limitations. It alleges neither any tolling facts nor any of the
specific statutory circumstances, set out in Article 12.01(1)(C)(i) of the
Texas Code of Criminal Procedure, that would take it out of the ordinary

ten-year limitations period for sexual assault. TEX. CODE CRIM. PROC. arts. 12.01(1)(C)(i), 12.01(2)(E). This Court has long observed that an accused may challenge such an indictment in pretrial habeas corpus proceedings, and it has reiterated that observation even after *Proctor v. State*, 967 S.W.2d 840, 843 (Tex. Crim. App. 1998), which held that limitations is "in the nature of a defense[.]" *See Ex parte Tamez*, 38 S.W.3d 159, 160 (Tex. Crim. App. 2001) ("[I]f the pleading, on its face, shows that the offense charged is barred by limitations, then it is appropriate that habeas corpus relief be granted.").

In reliance upon *Tamez*, the court of appeals essentially assumed without elaboration that the issue is cognizable in pretrial habeas corpus proceedings, and it proceeded to address the merits. *Ex parte Edwards*, 608 S.W.3d 325, 327 n.5 (Tex. App.—Houston [1st Dist.] 2020). And it makes perfect sense, after all. It defeats the whole concept of limitations to allow a prosecution to proceed apace when the law itself forecloses even *charging* the accused with the crime in question, much less proceeding to try him for it in a court of law.

The fact that it is a statute that forecloses prosecution rather than a constitutional provision, such as the Double Jeopardy Clause, should be of no moment. Either way, it is completely irrational to force a criminal defendant to endure a full-blown trial before he may be afforded an opportunity to vindicate his lawful right to avoid having to endure a full-blown trial. But that is what the Court's opinion today seems to approve.

The Court invokes *Ex parte Smith*, 178 S.W.3d 797 (2005), for the proposition—at least as I understand it—that pretrial habeas will no

longer be available as a vehicle through which a limitations bar may be asserted by persons accused of sexual assault—period, ever. Majority Opinion at 6. The reason the Court gives is simple, if stark. Article 12.01(1)(C)(i) identifies certain circumstances under which there will be no limitations with respect to sexual assault. So, the Court seems to conclude, an indictment for sexual assault—even one that wholly fails to allege any of those circumstances in which no limitations apply to that offense—still avoids a limitations bar, if only because it could at least *potentially* be "repaired" by adding those allegations in response to a pretrial motion to quash or dismiss. *Id.* But *Smith* does not support such a sweeping and categorical holding.

*Smith* involved prosecution for an ordinary assault. 178 S.W.3d at 800. The dates alleged in the information would have indicated that it was being filed outside the applicable statute of limitations. *Id.* But the information also included a tolling paragraph. *Id.* Smith attempted to challenge the *sufficiency* of the tolling paragraph by way of a pretrial application for writ of habeas corpus. *Id.* This Court recognized that pretrial habeas corpus remains an appropriate vehicle for raising a legitimate limitations challenge. *Id.* at 802. But it refused to extend pretrial habeas proceedings to cover Smith's claim, holding that even a flawed tolling paragraph would suffice to remove a charging instrument from the category of those that show on their face that an offense is barred by limitations. *Id.* at 803–04. "Only when an indictment shows on its face that prosecution is absolutely barred by the statute of limitations, and that pleading is not reparable, may a defendant seek relief from further prosecution via a pretrial writ of habeas corpus." *Id.*

at 804.

*Smith* did *not* involve a wholesale failure to plead a tolling provision. It likewise did not involve a wholesale failure to plead any circumstances that would avoid a limitations bar altogether. It is not analogous, therefore, to the instant case. Here, the State made no attempt to plead facts in the information to show that Appellant was not subject to limitations for his particular sexual assault, under the provisions of Article 12.01(1)(C)(i). There was no *faulty* pleading of Article 12.01(1)(C)(i) facts that Applicant could "repair" by filing a pretrial motion to quash or dismiss the information. There was simply no Article 12.01(1)(C)(i) pleading *at all*.

Article 12.01(2)(E) of Code of Criminal Procedure provides that sexual assault is limitations barred after ten years, "except as provided by Subdivision (1) or (7)." TEX. CODE CRIM. PROC. art.12.01(2)(E). For all Appellant (or any of us, for that matter) can tell from the indictment in this case, the offense he is charged with having committed *is* limitations-barred. And such an indictment is plainly "not sufficient" under Article 21.02(6). TEX. CODE CRIM. PROC. art. 21.02(6) ("The time mentioned [in an indictment] must be . . . not so remote that the prosecution of the offense is barred by limitation."). *Smith* does not establish otherwise.[1]

From what I can gather, the Court seems to think that a charging instrument that alleges a sexual assault that occurred outside of the

---

[1]*See e.g., Tita v. State,* 267 S.W.3d 33, 38 (Tex. Crim. App. 2008) (distinguishing *Smith* on the basis that, there, at least a flawed tolling paragraph was included in the indictment; and reiterating that the total failure to plead tolling facts will justify dismissal of the indictment under Article 21.02(6) of the Code of Criminal Procedure).

ordinary 10-year limitations period, but that alleges no Article 12.01(1)(C)(i) circumstances, is nevertheless immune to a limitations bar—simply because Article 12.01(1)(C)(i) *exists*. The Court seems to conclude that, because the State can invoke Article 12.01(1)(C)(i) at any time, such a charging information is always "reparable," and therefore, the State need not actually *allege* the exceptional circumstances—provided by Article 12.01(1)(C)(i)—in order to avoid the ordinary limitations bar. But it is far from a given in any particular case that the State will have the wherewithal to prove up those circumstances.

Indeed, Applicant has already brought the deficiency in the charging instrument in this case to the attention of both State and the trial court by filing his application for pretrial habeas corpus relief. The State was given the opportunity to plead exceptional circumstances, and it seems to have been unable to produce facts sufficient to satisfy the Article 12.01(1)(C)(i) criteria—at least if we are to credit the court of appeals' opinion. *See Edwards*, 608 S.W.3d at 336–37 (concluding that the State failed to establish that the results of forensic DNA testing of biological matter did not match the victim or any other person whose identify was readily ascertained, as required by Article 12.01(1)(C)(i)). Rather than hold the issue non-cognizable from the get-go, the Court today should consider whether the court of appeals was correct on the merits.

I would affirm the judgment of the court of appeals because the issue is cognizable in a pretrial habeas corpus proceeding (or at least it was before the Court's opinion today), and because the indictment suggests, on its face, that the offense alleged therein is limitations-

barred.

Because the Court does not, I respectfully dissent.

**FILED:** May 4, 2022
**PUBLISH**