**Christopher Vomakoyima
TITA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–06–00736–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

July 24, 2007.

Rehearing Overruled Aug. 16, 2007.

Allen Mark Tanner, Houston, for appellant.

Lori DeAngelo Fix, Houston, for appellee.

Panel consists of Chief Justice HEDGES and Justices HUDSON and GUZMAN.

## OPINION

J. HARVEY HUDSON, Justice.

Appellant, Christopher Vomakoyima Tita, was charged by indictment with aggregated theft by a government contractor of over $200,000. *See* Tex. Penal Code Ann. § 31.03(f)(2) (Vernon Supp.2006). Appellant entered a plea of not guilty and the case proceeded to trial before a jury. After considering the evidence, the jury found appellant guilty as charged in the indictment. The jury subsequently assessed appellant's punishment at confinement in the state penitentiary for 23 years and assessed a fine of $10,000. In two related points of error, appellant contends (1) the trial court erred in overruling his motion to dismiss the indictment which was barred by limitations, and (2) the evidence was insufficient to show that prosecution for the offense at issue was not barred by limitations. We affirm.

The evidence shows appellant was a pharmacist who fraudulently submitted over $600,000 in Medicaid reimbursement claims to the Texas Department of Health and Human Services between June 1998 and October 31, 2000. Appellant falsely alleged he had supplied expensive medications to patients covered by Medicaid insurance. The Texas Department of Health and Human Services paid these claims until the theft was discovered when a patient disputed a medication on her explanation of benefits.

■ In his first point of error, appellant contends the trial court should have dismissed the indictment because it did not reflect on its face that the offense was committed within the applicable statute of limitations. The statute of limitations for theft by a government contractor is five years. TEX.CODE CRIM. PROC. ANN. art. 12.01(4)(A) (Vernon 2005). The indictment alleged, in pertinent part, that appellant:

> ... heretofore on or about June 28, 1998 and continuing through to October 31, 2000, did then and there unlawfully, intentionally and knowingly, while a government contractor, namely, a Medicaid provider, pursuant to one scheme and continuing course of conduct, appropriate, by acquiring and otherwise exercising control over property, namely, money, owned by Sharon Thompson, hereafter called the Complainant, of the value of over two hundred thousand dollars with the intent to deprive the Complainant of the property, and said property came into the Defendant's custody, possession and control by virtue of the contractual relationship.

Because of the continuing nature of an aggregated theft, the effective date of the offense alleged here is October 31, 2000.

*See King v. State,* 17 S.W.3d 7, 13 (Tex. App.-Houston [14th Dist.] 2000, pet. ref'd) (holding that in the case of aggregated theft, the statute of limitations does not begin to run until the date of the commission of the final incident of theft). Here, the indictment was returned by the grand jury on July 3, 2006—a date clearly outside the five-year statute of limitations.

The State contends, however, that the statute of limitations was tolled by a series of previous indictments.[1] The record reflects appellant was first indicted for this offense on March 14, 2005 in cause numbers 1019874 and 1019875. He was then reindicted for this offense in cause numbers 1028872 and 1028873 on May 31, 2005. All of these previous indictments were returned within the statute of limitations. Appellant does not dispute the fact that these indictments were returned within the limitations period, but argues the State was obliged to include a tolling allegation on the face of its current indictment.

Statutes of limitation were formerly considered jurisdictional in nature. In other words, because the legislature had fixed a period of limitation, there was "no authority in law to prosecute any citizen of Texas for [a] violation of the law after the period of limitation [had] intervened." *Ex parte Hoard,* 63 Tex.Crim. 519, 140 S.W. 449, 451 (1911). Thus, "if the pleading, on its face, [showed] that the offense charged [was] barred by limitations the complaint, information, or indictment [was] so fundamentally defective that the trial court [did] not have jurisdiction." *Ex parte Dickerson,* 549 S.W.2d 202, 203 (Tex.Crim.App. 1977). Accordingly, if the State sought to take advantage of some exception or circumstance tolling the period of limitations,

---

1. "The time during the pendency of an indictment, information, or complaint shall not be computed in the period of limitation." TEX. CODE CRIM. PROC. ANN. art. 12.05(b) (Vernon 2005).

it was incumbent upon the State to both plead and prove the exception. *Cooper v. State*, 527 S.W.2d 563, 565 (Tex.Crim.App. 1975). This was done in a "tolling paragraph" on the face of the indictment which set forth the facts or circumstances allegedly tolling the period of limitations.

In 1993, however, the Court of Criminal Appeals radically altered its view of limitations. The court held that in light of amendments to Tex. Const. art. V, § 12, "an indictment which charges the commission of an offense barred by limitations still confers jurisdiction upon the trial court, such that the defendant must bring the defect to the attention of the trial court in order to preserve any error." *State v. Yount*, 853 S.W.2d 6, 8 (Tex.Crim. App.1993) Rather than being jurisdictional in nature, a "statute of limitations is an act of grace for the benefit of potential defendants, a voluntary surrendering by the people of their right to prosecute." *Proctor v. State*, 967 S.W.2d 840, 843 (Tex. Crim.App.1998). Thus, the statute of limitations is a *defense* that may be waived or forfeited by the defendant's failure to assert it before or during trial. *Id.* at 844.

The Legislature has decreed that the State need not negate the existence of a defense or affirmative defense in its charging instrument. Tex. Penal Code Ann. §§ 2.03(b) & 2.04(b) (Vernon 2003). Accordingly, there is no longer any logical justification for the *necessity* of a tolling paragraph in an indictment. However, jurisprudential inertia often perpetuates extinct doctrines long after their logical demise. As recently as 2005, the Court of Criminal Appeals held that some type of tolling allegation is still required on the face of the indictment. *Ex parte Smith*, 178 S.W.3d 797, 803 (Tex.Crim.App.2005) (per curiam). Although it relaxed the specificity formerly required in tolling allegations and held that defects in a tolling

paragraph can never rise to the level of "fundamental" error, the court persisted in the notion that some tolling allegation must appear on the face of the indictment:

> ... if the State's pleading includes a "tolling paragraph," "explanatory averments," or even "innuendo allegations," this suffices to show that the charged offense is not, at least on the face of the indictment, barred by limitations.
>
> Of course, a tolling paragraph may neglect to include names, dates, manner and means, and so forth. A tolling paragraph need not be alleged with the same degree of particularity as we would expect of an allegation of the charged offense, but any purported defects of form and substance in either the charge or the tolling paragraph relate to notice and must be brought to the trial court's attention before trial or they are waived. These specificity defects are reparable. They do not destroy a trial court's power or jurisdiction to proceed, and they may not be raised by means of a pretrial writ of habeas corpus. Instead, they may and must be raised in a motion to quash or motion to dismiss the pleading.

*Id.* The court, however, did not directly address the issue presented here—what consequences flow from the State's failure to include *any* type of tolling allegation on the face of the indictment.

At least two courts of appeals have considered the necessity of including tolling averments on the face of an indictment after *Yount* and *Proctor*. In *Burgett v. State*, 865 S.W.2d 594, 600 (Tex.App.-Fort Worth 1993, pet. ref'd), the Second Court of Appeals held that a tolling paragraph need not be included on the face of an amended indictment. Likewise, in *DeLeon v. State*, No. 07–00–00189–CR, 2001 WL 246580, at *3 (Tex.App.-Amarillo Mar.13, 2001, pet. ref'd) (not designated for publication), the Seventh Court of Appeals held

an indictment is not defective for failing to allege facts tolling the statute of limitations. Because a tolling paragraph is no longer necessary to convey jurisdiction to the trial court, we agree. Here, appellant asserted his limitations defense as he was required to do. The State responded by showing previous indictments regarding the same subject matter that toll the statute of limitations. Appellant's first point of error is overruled.

■ In his second point of error, appellant claims the evidence is insufficient to support his conviction because the State failed to show the offense occurred within the period of limitations. The record reflects that appellant filed a motion to dismiss the indictment. One ground contained in the motion was that the prosecution was barred by limitations. At a hearing on the motion, the State's attorney asked the trial judge to take judicial notice of previous indictments filed in his court that were obtained prior to the expiration the limitations period and which served to toll the statute of limitations. The trial judge apparently granted the request because he subsequently denied appellant's motion to dismiss.

On appeal, appellant contends the evidence is insufficient because (1) the State never introduced the prior indictments into evidence *for the jury* to consider and (2) the court never included an appropriate tolling instruction in its jury charge. However, appellant apparently never raised the issue before the jury. Appellant has not cited, and we have not found, any place in the record where he asserted or raised the defense of limitations before the jury. Accordingly, the State was not put to its burden of proof regarding the tolling of the limitations period. *Cf. Hernandez v. State*, 161 S.W.3d 491, 499 (Tex. Crim.App.2005) (declaring that State has no burden to disprove entrapment defense

until it is raised before the jury); *Kearney v. State*, 181 S.W.3d 438, 444 (Tex.App.-Waco 2005, pet. ref'd) (stating that State has no burden of showing voluntariness of a confession until defendant raises an issue of voluntariness). Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.