Affirmed and Opinion on Remand filed May 7, 2009








Affirmed and Opinion on Remand filed May 7, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00736-CR

____________

 

CHRISTOPHER VOMAKOYIMA TITA, Appellant

 

v.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 262nd
District Court

Harris County, Texas

Trial Court Cause No. 1075284

 



 

OPINION  ON  REMAND

On July 24, 2007, this court affirmed the conviction of
Christopher Vomakoyima Tita, the appellant, for aggregated theft of over $200,000. 
See Tita v. State, 230 S.W.3d 885 (Tex. App.CHouston [14th Dist.] 2007), rev=d, 267 S.W.3d 33 (Tex. Crim. App. 2008).  On
appellant=s petition for discretionary review, the Court of
Criminal Appeals reversed the judgment of this court and remanded the cause for
a harm analysis.  We find the error to be harmless and affirm the conviction.








Appellant was prosecuted and convicted under an indictment
which, on its face, was returned 245 days after the limitations period had
expired.  Appellant=s motion to dismiss the indictment was
denied after it was brought to the court=s attention that
the statute of limitations had been tolled by a series of previous indictments
then pending before the court.[1] 
Relying on Article 21.02(6) of the Texas Code of Criminal Procedure, the Court
of Criminal Appeals held that an indictment must Aindicate on its
face that a prosecution thereunder is not barred by the applicable statute of
limitations.@  Tita, 267 S.W.3d at 37.  Thus, the indictment under which appellant was
prosecuted is defective.  The issue on remand is whether the pleading error was
harmless.

Presumably, the Court of Criminal Appeals would not have
ordered us to conduct a harm analysis if the error presented here could, under
no circumstances, be harmless.[2] 
Further, the Court of Criminal Appeals has specifically requested that we
conduct our analysis under the standard found in Rule 44.2(b) of the Texas
Rules of Appellate Procedure. See Tita, 267 S.W.3d at 39.  Under this standard of
harm, any error, defect, irregularity, or variance that did not affect the
substantial rights of appellant must be disregarded. See Tex. R. App. P.
44.2(b).








Article 21.02 of the Texas Code of Criminal Procedure sets
forth the essential components of an indictment.  To constitute an indictment,
the instrument must, among other things, reflect that the time mentioned be
some date anterior to the presentment of the indictment, and not so remote that
the prosecution of the offense is barred by limitation.  Tex. Code Crim. Proc.
Ann. art. 21.02 (Vernon 2009).  Formerly, an Aindictment@ returned after
the expiration of the applicable limitations period, absent a tolling
paragraph, was so fundamentally defective that it was not, in fact, an
indictment.  Ex parte Dickerson, 549 S.W.2d 202, 203 (Tex. Crim. App.
1977).  Accordingly, it could not invest the trial court with jurisdiction.  Id.

In 1985, however, the people of this state amended Article
V, Sec. 12 of the Texas Constitution.   Now, an indictment is simply Aa written
instrument presented to a court by a grand jury charging a person with the
commission of an offense.@  Tex.
Const. art. V, ' 12(b).  While the Apractice and
procedures relating to the use of indictments . . . , including their contents,
amendment, sufficiency, and requisites, are as provided by law,@ the Apresentment of an
indictment . . . to a court invests the court with jurisdiction of the cause.@  Id. 
Thus, this amendment, along with article 1.14(b) of the Texas Code of Criminal
Procedure (adopted the same year) eliminated most sources of fundamental error
in criminal pleadings.  See Tex. Code Crim. Proc. Ann. Art. 1.14(b) (Vernon 2005).

Reciting these developments in the law, the Court of
Criminal Appeals held that Aan indictment which charges the commission
of an offense barred by limitations still confers jurisdiction upon the trial
court.@  State v.
Yount, 853 S.W.2d 6, 8 (Tex. Crim. App. 1993).  Nevertheless, in light of
Article 21.02 and the Court of Criminal Appeals opinion in this cause,
appellant=s motion to dismiss the indictment should have been
granted.  However, appellant=s motion to dismiss was denied, and we
must decide what harm, if any, was occasioned by the trial court=s decision.








Only errors affecting a substantial right are harmful. 
Tex. R. App. P. 44.2(b).  Error affects a substantial right only when it has a
substantial and injurious effect or influence in determining the jury=s verdict. Rivera‑Reyes
v. State, 252 S.W.3d 781, 787 (Tex. App.CHouston [14th Dist.] 2008, no pet.).  When trying to determine
whether a trial court=s error affected a substantial right, we
must examine the possible outcomes if the indictment had not omitted a tolling
paragraph.  This examination generally considers two questions:

whether the indictment, as written,
informed the defendant of the charge against him sufficiently to allow him to
prepare an adequate defense at trial, and whether prosecution under the
deficiently drafted indictment would subject the defendant to the risk of being
prosecuted later for the same crime.

Gollihar
v. State, 46 S.W.3d 243, 248 (Tex. Crim. App. 2001) (quoting United States
v. Sprick, 233 F.3d 845, 853 (5th Cir. 2000)).  Here, the limitations issue
was never before the jury.  The trial court conducted a hearing on appellant=s motion to
dismiss, reviewed the tolling documents, and denied the same on July 28, 2006. 
Trial began more than two weeks later on August 14, 2006.  The absence of a
tolling paragraph did not deprive appellant of notice of the conduct or offense
for which he was being prosecuted; nor did it impair his ability to prepare an
adequate defense at trial.  Moreover, the inclusion or exclusion of a tolling
paragraph could have no possible impact on future double jeopardy
considerations.








Had appellant=s motion to
dismiss been granted, it is difficult to see how appellant would have benefitted. 
The indictment on which appellant was convicted alleged that he committed an
aggregated theft of more than $200,000 between June 28, 1998 and October 31,
2000.  The State offered evidence showing that during that 27 month period,
appellant stole more than $621,000.  If the trial court had dismissed the
indictment, the State still had time to amend the indictment prior to trial to
include a tolling provision.  See Tex. Code Crim. Proc. Ann. Art. 28.10(a) (Vernon 2006). 
Moreover, other live pleadings remained that were not time-barred and, hence,
needed no tolling paragraph.  For example, the indictment in cause number
1019875 alleged an aggregated theft of more than $200,000 committed between the
dates of June 1, 1999, and October 30, 2000.  While the temporal limits of this
scheme were not as extensive, the State=s evidence clearly
demonstrates that appellant stole more than $200,000 during this 17 month
period.

Other errors far more serious than the one at issue here
have been deemed harmless under Rule 44.2(b).  See Compton v. State, 120
S.W.3d 375, 379 (Tex.
App.CTexarkana 2003, pet. ref=d) (inadmissible
evidence held to have but Aslight effect@ and, therefore,
harmless); Jones v. State, 111 S.W.3d 600, 609 (Tex. App.CDallas 2003, pet. ref=d) (improper
admission of gruesome autopsy photographs held harmless); Linton v. State,
15 S.W.3d 615, 621 (Tex.
App.CHouston [14th Dist.] 2000, pet. ref=d) (failure to
read the enhancement paragraphs and defendant=s plea at the
beginning of the punishment hearing was harmless error); Westfall v. State,
10 S.W.3d 85, 94 (Tex.
App.CWaco 1999, no pet.) (trial court=s failure to grant
defendant=s request to inspect police officer=s offense report
after he had testified was harmless); Phelps v. State, 999 S.W.2d 512,
520 (Tex. App.CEastland 1999, pet. ref=d) (improper
admission of an extraneous offense was harmless).

Appellant has not suggested how he
was harmed, and we can conceive of no possible harm.  After examining the
record as a whole, we are reasonably assured the error did not influence the
jury verdict or had but slight effect.  Rivera‑Reyes, 252 S.W.3d
at 787.  Accordingly, the error presented here is harmless and must be
disregarded.  The judgment of the trial court is affirmed.                                                                 

 

 

/s/      J. Harvey Hudson

Justice

Panel consists of
Chief Justice Hedges, Justice Guzman, and Senior Justice Hudson.*

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  The limitations period has been, and continues to
be, tolled by successive indictments and appeals since March 14, 2005, the date
of the first indictment.  See Tex. Code Crim. Proc. Ann. art. 12.05(b)
and (c) Vernon 2005). 





[2]   Article 21.19 of the Texas Code of Criminal
Procedure states that an Aindictment shall not be held insufficient, nor shall
the trial, judgment or other proceedings thereon be affected, by reason of any
defect of form which does not prejudice the substantial rights of the
defendant.  Tex. Code Crim. Proc. Ann. art. 21.19 (Vernon 2009) (emphasis
added).  Implicit in this statement is the notion that a defect of substance
falls outside the parameters of Article 21.19 and is, thus, not amenable to a
harmless error analysis.  See G. Dix & R. Dawson, Texas Practice:
Criminal Practice and Procedure  '
21.147 (2nd ed.2009); Sanchez v. State, 32 S.W.3d 687, 699 (Tex. App.CSan Antonio 2000), rev=d on other grounds, 120 S.W.3d 359 (Tex. Crim. App. 2003).  The failure to include a
tolling paragraph is a defect of substance.  See Tex. Code Crim. Proc.
Ann. art. 27.08(2) (Vernon 2006).  Thus, under Article 21.19, a harmless error
analysis would be inappropriate.





*  Senior Justice J. Harvey Hudson sitting by
assignment.